586

27 C.C.P.A. (Patents)

### In re MINK.
### Patent Appeal No. 4155.

Court of Customs and Patent Appeals.
Dec. 4, 1939.

Roy W. Johns, of Chicago, Ill. (Norbert E. Birch, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting claims 5, 6, and 12 of appellant's application for a patent. Four claims were allowed.

Claims 5 and 12 illustrate the nature of the subject matter involved and read as follows:

"5. The method of treating powdered dried egg whites which comprises simultaneously reconstituting and foaming powdered dried egg whites by whipping in the presence of a liquid."

"12. A new food product comprising quick, low temperature, dried powdered egg foam capable of reconstitution by whipping in the presence of a liquid."

The references cited are: La Mont, 51,263, November 28, 1865; Hatmaker (Br.), 28, November 16, 1905; Hara, 1,-100,973, June 23, 1914; Primavese, 1,226,-999, May 22, 1917; Bellamy (Br.), 314,887, July 2, 1929; Clickner, 1,891,887, December 20, 1932.

The application, as indicated by the quoted claims, relates to a food product in the form of dried powdered egg foam and a method of reconstituting powdered dried egg white.

Claims 5 and 6 were rejected upon the ground that the steps enumerated therein involved merely an obvious procedure of simultaneously reconstituting and whipping egg whites. Claim 12 was rejected upon the cited references, particularly the patent to Bellamy.

This patent is the only cited reference which we deem it necessary to discuss. The other references relate generally to the drying of eggs which have been beaten to a batter, then dried and thereafter ground into a powder.

The Bellamy patent discloses several ways of making dried egg white. The patent states:

"This invention relates to the preservation of albumin (of the kind that is derived from the white of eggs) by desiccation and has for its object improvements whereby the losses incurred by methods heretofore employed are reduced or avoided, the egg white is satisfactorily preserved and *can be readily reconstituted by the addition of water and retains the viscosity and beating properties of fresh egg white.*" (Italics ours.)

After describing one method of carrying out the invention the patent states:

"Alternatively, the mixture may be frothed, for which purpose it may be delivered into a beating machine or other vessel situated in a drying chamber into which vessel air is introduced beneath the surface of the said mixture so as to blow bubbles which are dried in the form of thin films.

\* \* \* \* \* \* \*

"According to one mode of carrying out the improved process, the albumin after it has been neutralised in the manner hereinbefore described, is led by the pipe *a* into a beater *b* of known kind in which it is beaten into a froth. This froth soon fills the space above the albumin and passes out of the spout *c* by which it is delivered on to an endless gauze, reticulated or otherwise perforated belt *d* mounted on pulleys *e, f* situated in a drying chamber *g* heated by steam pipes *h* or other suitable known means. \* \* \*"

Appellant's specification states:

"The present invention permits the production of dry egg whites which can be reconstituted to equal the original undried egg whites by the expedient of quick drying. In accordance with the present invention, the original egg whites are whipped to a foam which is then dried in an ordinary drying tunnel.

"After drying the foam dried eggs are ground to a powder which may be reconstituted instantaneously during the whipping operations incident to cake making, rendering any small amount of insoluble material unnoticeable. I have found that egg whites so dried and so reconstituted produce angel food cake of superior volume and excellent texture."

With the exception of a prior acid treatment disclosed by Bellamy, it will be observed that the process disclosed in his patent and that disclosed by appellant are very similar, and we are not convinced that the product produced by one of the processes disclosed by Bellamy will not fully respond to the terms of claim 12. Bellamy states that his product can be readily reconstituted by the addition of water, and that it retains the beating properties of fresh egg white, and it seems to us that his product is in fact a dried egg foam. Appellant's argument that Bellamy's product is not a dried egg foam does not impress us. Bellamy clearly states that the froth resulting from beating the egg whites passes out of a spout on to an endless gauze or perforated belt situated in a drying chamber. We see no difference between the "froth" resulting from beating egg whites disclosed by Bellamy and the "foam" resulting from whipping egg whites disclosed by appellant.

588

It is true that in appellant's process, for which he has been allowed claims, the foam is formed into ribbons or strands which are then dried and ground, but it does not appear to us that this element produces an essentially different product from that disclosed by Bellamy. The examiner held that if there be any difference it is one of degree and not in kind. We are in agreement with this view.

It follows from the foregoing that the decision of the board as to claim 12 should be affirmed.

With respect to process claims 5 and 6 the examiner held that the steps enumerated in the claims are but obvious steps in the use of appellant's product, and hence devoid of patentable significance. Upon this point the Board of Appeals in its decision stated:

"Claims 5 and 6 have been rejected by the examiner on the ground that they involve merely an obvious procedure, namely, of simultaneously reconstituting and whipping the egg white. He states that, given an immediately soluble dried egg white, no invention would reside in immediately whipping it when water is added. Here, of course, the examiner is assuming that an immediately soluble dried egg white is available. In the prior art it was the practice and thought to be the necessary practice to soak dried egg white before whipping it. Applicant urges that he is the first one to produce a dried egg white which is immediately soluble so that it can be reconstituted and whipped simultaneously. Even if it should be admitted, which it is not, that applicant is the first to produce an immediately soluble egg white, there is still no invention involved in simultaneously whipping and reconstituting the egg white. That is merely an obvious procedure as the examiner points out. Any one having such a product would, in order to save time, reconstitute and whip the egg white simultaneously. We think claims 5 and 6 are not patentable."

We are in agreement with the foregoing. The purchaser of the product disclosed by Bellamy or that disclosed by appellant, knowing that such products did not require soaking before whipping, would as a matter of course follow the process set forth in claims 5 and 6.

For the reasons hereinbefore stated the decision appealed from is affirmed.

Affirmed.